**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Nick Spann,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-25-01335-PHX-KML

**ORDER**

Plaintiff Nick Spann seeks review of the Social Security Commissioner's final decision denying disability insurance benefits to his mother, Lisa Spann. Because the Administrative Law Judge's ("ALJ's") decision is not based on substantial evidence, the Commissioner's decision is vacated and remanded for further administrative proceedings.

## I. Background

Lisa Spann applied for disability insurance benefits in March 2015, alleging disability beginning in September 2014. (AR 1176.) Her claim was denied initially and on reconsideration. Spann then presented her case to an ALJ who found she was not disabled. (AR 1176.) The Appeals Council declined review, and Spann sought judicial review. (AR 1176.) In August 2022, this court reversed and remanded after concluding the ALJ had not provided legally sufficient reasons for discounting Spann's testimony concerning her pain and other symptoms. (AR 1176–77, 1272–82.)

Spann died while that appeal was pending and her son, Nick Spann, was substituted as the claimant. (AR 1177.) Separately, an ALJ granted a later application for benefits and

found Spann disabled beginning in November 2018.[1] (AR 1177.) That decision remains binding, so Spann seeks benefits only for the period from the beginning of September 2014 through October 2018. (AR 1177.)

On remand, the ALJ held another hearing and again found Spann not disabled during the relevant period. (AR 1177, 1200.) The Appeals Council declined review, making the ALJ's April 2024 decision the Commissioner's final decision. Spann then appealed to this court.

## II. Legal Standard

The court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" and is such that "a reasonable mind might accept as adequate to support a conclusion." *Id*. (*quoting Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). The court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III. Analysis

Spann argues the ALJ committed materially harmful legal error by rejecting her symptom testimony without specific, clear and convincing reasons supported by substantial evidence. (Doc. 10 at 1.) This court's August 2022 ruling reversed the ALJ's prior adverse decision because the ALJ cherry-picked record evidence without explaining why that evidence outweighed other evidence supporting a disability finding. (AR 1275.) Spann contends the ALJ again relied on cherry-picked medical evidence that did not meaningfully contradict her reported limitations. (Doc. 10 at 14–20.)

### A. The ALJ's Five-Step Disability Evaluation Process

Under the Social Security Act, a claimant for disability insurance benefits must establish disability before the date last insured. 42 U.S.C. § 423(c); 20 C.F.R. § 404.131. A claimant is disabled under the Act if she cannot engage in "substantial gainful activity"

[1] ALJ Thomas Cheffins also found Spann disabled from October 2007 through March 2013, granting her Title II and Title XVI benefits in April 2014. (AR 71–80.)

because of a medically determinable physical or mental impairment that has lasted, or can be expected to last, for a continuous period of twelve months or more. 42 U.S.C. § 423(d)(1)(A).

Whether a claimant is disabled is determined by a five-step sequential process. *See Woods v. Kijakazi*, 32 F.4th 785, 787 n.1 (9th Cir. 2022) (summarizing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the burden of proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step one, the claimant must show she was not engaged in substantial gainful activity; at step two, she must show she had a severe medically determinable impairment. 20 C.F.R. § 404.1520(a)(4)(i)–(ii). At step three, the claimant must show her impairment or combination of impairments met or medically equaled the severity of an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, she is presumed disabled and the analysis ends. *Id.* If not, the ALJ determines the claimant's residual functional capacity—the most she can do despite her limitations—and, at step four, whether that capacity permits her to perform her past relevant work. *Id.* §§ 404.1520(a)(4)(iv), 404.1545(a)(1). If the claimant cannot perform her past relevant work, the Commissioner must determine at step five whether she can perform other work given her residual functional capacity, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.*

The ALJ found Spann satisfied her burden at steps one and two: she did not engage in substantial gainful activity during the relevant period and had severe impairments of cervical and lumbar degenerative disc disease, thoracolumbar scoliosis, bilateral patellofemoral malalignment, bilateral hand arthritis, fibromyalgia, asthma, and obesity. (AR 1181.) At step three, the ALJ determined Spann's impairments did not meet or medically equal a listed impairment. (AR 1187–88.) The ALJ then found Spann had the residual functional capacity to perform light work with additional exertional, postural, manipulative, and environmental limitations, including standing or walking for four hours and sitting for six hours in an eight-hour workday. (AR 1188.) In evaluating Spann's

residual functional capacity, the ALJ rejected Spann's symptom testimony because it was "not entirely consistent with the medical evidence and other evidence in the record." (AR 1190.)

The ALJ concluded at step four that, based on Spann's residual functional capacity, she could perform her past relevant work as a customer service representative, telephone solicitor, and accounts receivable clerk. (AR 1198–1200.) The ALJ therefore ruled Spann was not disabled from September 2014 through October 2018. (AR 1200.)

**B. The ALJ's Evaluation of Spann's Symptom Testimony**

When a claimant has presented objective medical evidence of an underlying impairment which could reasonably cause the severity of the symptoms alleged and there is no affirmative evidence of malingering, an ALJ may only reject subjective statements about the severity of symptoms by offering "specific, clear and convincing reasons for doing so." *See Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (*quoting Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). Here, the ALJ did not find evidence of malingering, so she could only discredit Spann's symptom testimony for specific, clear and convincing reasons. *Id.*

The ALJ found that Spann's medically determinable impairments "could reasonably be expected to produce the alleged symptoms," but concluded the "intensity, persistence and limiting effects of these symptoms" were "not entirely consistent with the medical evidence and other evidence in the record." (AR 1190.) Spann argues the ALJ improperly discounted her symptom testimony by adhering to record evidence contradicting that testimony, but discarding or ignoring supporting evidence without adequate explanation. (Doc. 10 at 14–20.)

Although the ALJ gave sufficient reasons for discounting most of Spann's symptom testimony, she failed to provide specific, clear and convincing reasons for discounting Spann's testimony about pain.

**1. Sufficient Reasons for Discounting Most Testimony**

Substantial evidence supports the ALJ's finding that Spann's fatigue was not as

severe as she alleged. The ALJ cited records noting Spann was awake and alert when seeing providers. (AR 1193 (citing AR 331, 428, 815).) Spann seldom mentioned experiencing excessive fatigue. (AR 1193 (citing AR 330, 428).) And at a recent psychological examination, although the mental exertion of the exam would ordinarily increase fatigue symptoms, Spann did not appear fatigued at all after finishing the test. (AR 603.)

Spann argues that evidence was insufficient to reject her testimony because her fatigue was chronic, not acute. (Doc. 10 at 19.) But, at minimum, the ALJ's reasoning has the "power to convince," *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022), that Spann's fatigue symptoms were not as "intens[e], persisten[t], or limiting" as she claimed due to the regularity with which providers noted a lack of fatigue (AR 1192).

The ALJ properly discounted Spann's testimony that she was limited by a need to elevate her legs. Spann testified she could not "sustain work" because she would have to elevate her legs for half an hour to an hour, "a few times" per day. (Doc. 10 at 21 (citing AR 54, 61).) The record does show that elevating her legs relieved symptoms. (Doc. 10 at 20 (citing AR 54, 954–55).) But nothing in the record suggests Spann had to elevate her legs for a particular amount of time. (AR 1193 (citing AR 1086–87, 1095, 1105).) The ALJ noted that late into the relevant period, providers simply recommended "RICE (rest, ice, compress, elevate) therapy" without further specifics as to leg elevation. (AR 1193 (citing AR 1086–87, 1095, 1105).) Given that nothing in the record indicated Spann should elevate her legs for as long as she claimed, that was a sufficiently clear and convincing reason to discount her testimony.

The ALJ also gave specific, clear and convincing reasons for discounting Spann's testimony on alleged arthritic changes in her hands. Despite x-rays demonstrating degeneration and palpations revealing tenderness, the ALJ found "only mild degenerative changes on the left" and that her right hand was "within normal limits" according to magnetic resonance imaging. (AR 1195 (citing AR 549–51).) Providers did not observe swelling (AR 1195 (citing AR 519)) or synovitis (AR 1195 (citing AR 549)). Examinations of Spann's extremities were often normal and providers frequently recorded her sensation

was intact. (AR 1195 (citing AR 1159, 424, 450, 721, 1139, 1556).) The "frequency of such normal findings" (AR 1195), suggested that Spann retained more function in her hands than she claimed in her testimony. *Acuna v. Comm'r of Soc. Sec. Admin.*, No. CV-21-00360-PHX-DJH, 2022 WL 3443674, at *3 (D. Ariz. Aug. 17, 2022), *aff'd sub nom. Acuna v. Kijakazi*, No. 22-16575, 2023 WL 6866282 (9th Cir. Oct. 18, 2023) (relying on "normal" findings to find clear and convincing evidence to discount symptom testimony). To the extent Spann argues the ALJ erred by relying on her statement she did crafts to further discount her hand-symptom testimony (AR 1195 (citing AR 600)), any error was harmless because the ALJ's other rationales were clear and convincing. *Stout v. Comm'r, Soc. Sec. Admin*, 454 F.3d 1050, 1055 (9th Cir. 2006) (finding ALJ's error was harmless because "the ALJ provided numerous other record-supported reasons for discrediting the claimant's testimony").

The ALJ also gave specific, clear and convincing reasons to discount Spann's testimony about her difficulties moving around. The ALJ explained that the "regularity" of findings of "normal, unassisted movements" was sufficient reason to prioritize those findings over others more consistent with Spann's testimony. (AR 1193–94.) For instance, providers observed relatively normal movement abilities, including a normal and unassisted gait (AR 1193 (citing AR 519, 595–605, 721, 1159, 1555, 1573)) and the ability to stand on her heels, toes, and either foot without significant difficulty (AR 1193 (citing AR 790–95)). Spann's extremities regularly exhibited normal strength (AR 1194 (citing AR 1159, 417, 424, 721, 986)) and sensation (AR 1194 (citing AR 424, 450, 721, 1139, 1556)). Straight leg raising tests were typically negative. (AR 1194 (citing AR 424, 429, 721).) The "regularity with which providers noted normal movements" and the normal "examinations of her extremities" (AR 1194), were sufficiently specific, clear and convincing reasons to discount Spann's testimony. *Acuna*, 2022 WL 3443674, at *3.

**2. Insufficient Reasons to Discount Pain Testimony**

The ALJ did not, however, provide specific, clear and convincing reasons for discounting Spann's testimony about the severity of her pain. Two main problems taint the

ALJ's analysis.

First, the ALJ did not explain why "normal" or "moderate" medical findings outweighed other findings consistent with Spann's alleged pain. *Curtis v. Comm'r of Soc. Sec. Admin.*, No. CV-18-00649-PHX-DGC, 2018 WL 6418486, at *7 (D. Ariz. Dec. 6, 2018). For example, the ALJ stated that Spann's pain "improved" after surgery and various treatments—physical therapy, abdominal strengthening, and medication. (AR 1193 (citing AR 488).) But the doctor's note the ALJ cited said Spann had continued pain in the knee, left hip, hands, and fingers.[2] (*See* AR 488.) The ALJ also cited a physical therapy report where Spann indicated she was "feeling better" and rated her pain a two or three out of ten. (AR 449.) But ten days later, she rated her pain a six out of ten, even while taking pain medications. (AR 447.) Another physical therapy report the ALJ highlighted indicated that Spann continued to suffer from chronic pain. (AR 1129.) And although the ALJ found medication brought relief that "allowed [Spann] to remain active and functional with a good quality of life" (AR 1193), the document the ALJ cited still marked Spann's pain as "severe" (AR 829). *Forman v. Comm'r of Soc. Sec. Admin.*, No. CV-18-03202-PHX-DJH, 2019 WL 5388038, at *4 (D. Ariz. Oct. 22, 2019) (finding error where ALJ "cherrypicked facts in individual medical records that possibly undermined Plaintiff's claim but overlooked helpful facts contained in the same record").

The ALJ also cited four instances where Spann denied musculoskeletal symptoms. (AR 1193.) Several of these citations are dubious: the first, AR 329, is a report dated months *before* the relevant period and the second, AR 426, says Spann's back pain was actually worsening. In any event, the ALJ failed to explain why she credited instances where Spann denied musculoskeletal symptoms while discarding parts of the record consistent with Spann's testimony.

Second, the ALJ improperly relied on providers' notes saying Spann "appeared in no acute distress." (AR 1193 (citing AR 330, 424, 490, 551).) A "lack of acute distress"

---

[2] The Commissioner counters that Spann's recovery from spinal surgery had no connection to pain in other parts of her body. (Doc. 12 at 8.) But that distinction is irrelevant; the pertinent question is whether and how much Spann's pain would limit her ability to work, not where that pain originated from.

says little about whether someone with *chronic* pain, like Spann, is disabled. *Quiroz v. Comm'r of Soc. Sec. Admin.*, No. CV-16-02728-PHX-DLR, 2017 WL 4250607, at *7 (D. Ariz. Sept. 26, 2017); *see Benecke v. Barnhart*, 379 F.3d 587, 589–90 (9th Cir. 2004) (recognizing chronic pain as a symptom of fibromyalgia).

Taken together, the ALJ's decision does not muster specific, clear and convincing reasons to discount Spann's symptom testimony regarding the severity of her pain.

**IV. Remand for Reconsideration**

The court has discretion to remand a case for additional evidence or for an award of benefits if an ALJ's decision contains harmful error. *McCabe v. Comm'r of Soc. Sec. Admin.*, No. CV-22-00192-PHX-DLR (CDB), 2023 WL 3080951, at *31 (D. Ariz. Apr. 4, 2023), *report and recommendation adopted*, No. CV-22-00192-PHX-DLR (CDB), 2023 WL 3078661 (D. Ariz. Apr. 25, 2023). Spann argues the case should be remanded for an award of disability benefits. (Doc. 10 at 21–22.) The Ninth Circuit has devised a "credit-as-true" standard for an award of benefits in which (1) the court asks whether the ALJ "has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion"; (2) if so, whether the record has been "fully developed" and "further administrative proceedings would serve no useful purpose"; and (3) if "no outstanding issues remain and further proceedings would not be useful," the court may credit the improperly discredited evidence as true and direct a finding the claimant is disabled on remand. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100–01 (9th Cir. 2014) (citing *Garrison*, 759 F.3d at 1020 (internal quotations omitted)).

The ALJ failed to provide legally sufficient reasons for discounting Spann's pain testimony. The ALJ based her nondisability determination on a step four finding that Spann had the residual functional capacity to perform past relevant work as a customer service representative, telephone solicitor, and accounts receivable clerk. (AR 1198.) After reconsidering Spann's symptom testimony concerning the intensity, persistence, or limiting effects of her pain, this finding may change. Accordingly, there are outstanding issues which would make further proceedings useful, and the case is remanded for further

administrative proceedings.

Accordingly,

**IT IS ORDERED** vacating the decision of the ALJ and remanding for further administrative proceedings.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 15th day of September, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**